UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL DESIREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13CV445 SNLJ |
| | ) |
| HUAWEI DEVICE USA, INC. and | ) |
| JIANGAO CUI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff filed a multi-count action alleging employment discrimination under state and federal law. This matter is before the Court on the defendants' motion for partial summary judgment (#8). The plaintiff's response includes requests for additional time to take discovery and for leave to voluntarily dismiss Count V of the complaint without prejudice (#11). All responsive pleadings have been filed, and this matter is now ripe for disposition.

**I.      Background**

Plaintiff originally filed this cause of action in the Circuit Court of St. Charles County on February 4, 2013, alleging that plaintiff's former employer, defendant Huawei Device USA, Inc. ("Huawei"), and the president of Huawei, defendant Jiangao Cui ("Cui") (collectively, "Defendants"), discriminated against plaintiff based on his age and national origin. Plaintiff's claims, as set forth in his complaint, include: Counts I and II, violations of the Missouri Human Rights Act ("MHRA"); Counts III and IV, violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act; and Count V, negligent infliction of emotional distress. Defendants filed their Notice of Removal in this Court on March 11, 2013, based on diversity jurisdiction under 28 U.S.C. § 1332.

Defendants filed their motion for partial summary judgment on March 18, 2013. Defendants seek summary judgment on plaintiff's claims in Counts I, II, and V. Plaintiff's response seeks a continuance of the motion for partial summary judgment as to Counts I and II for additional time to take discovery and requests leave to voluntarily dismiss Count V without prejudice.

## II.     Legal Standard

Pursuant to Rule 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273(8th Cir.1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324.

If a party opposing a summary judgment motion believes it cannot effectively challenge said motion due to inadequate time to conduct discovery, the party may seek relief pursuant to Rule 56(d). To obtain a continuance to conduct discovery under Rule 56(d), "a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Johnson v. United States,* 534 F.3d. 958, 965 (8th Cir.2008). Rule 56(d) states that a court may defer considering

the motion or deny it, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order. Thus, Rule 56(d) contemplates that summary judgment is only proper if the nonmovant has had adequate time for discovery. *Pony Computer, Inc. v. Equus Computer Systems of Missouri*, 162 F.3d. 991, 996 (8th Cir.1998)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The purpose of Rule 56(d) is "to provide an additional safeguard against an improvident or premature grant of summary judgment ... and [the rule] should be applied with a spirit of liberality." *U.S. ex. rel Bernard v. Casino Magic Corp.*, 293 F.3d. 419, 426 (8th Cir.2002)(quoting 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane: Federal Practice and Procedure: Civil 3d § 2740 (1998)).

With these principles in mind, the Court turns to the discussion.

**III.   Discussion**

As previously stated, defendants contend that they are entitled to summary judgment on plaintiff's claims in Counts I and II pursuant to the MHRA and plaintiff's claim in Count V for negligent infliction of emotional distress.

**A.   Counts I and II and Plaintiff's Request for Continuance and Discovery**

Plaintiff alleges that defendants, as his employers, discriminated against him based on his age and national origin in violation of the MHRA. Defendants contend that plaintiff's MHRA claims fail as a matter of law because defendants are not "employers" under the MHRA. For purposes of the MHRA, "employer" is defined as "any person employing six or more persons within the state, and any person direction acting in the interest of an employer…." Section 213.010(7) RSMo.

Defendants submitted a declaration from the Human Resource Director for Huawei attesting that, during the time that plaintiff was employed by Huawei, it did not employ more

than two people in the State of Missouri. In response, plaintiff filed his affidavit testifying as to his belief that, during his employment with Huawei, it had two office locations, St. Louis and Kansas City, and employed four or more persons at the St. Louis location and two or more persons at the Kansas City location. Defendants filed a reply with another declaration from the Human Resource Director for Huawei stating that the "Kansas City" office is located in Overland Park, Kansas.

     According to plaintiff's memorandum in opposition and his affidavit, he could not provide any additional information or supporting documents because he did not have records regarding other employees and no discovery has been completed in this case. As a result, Plaintiff requests time to complete discovery. Plaintiff maintains that through depositions and other discovery he would seek information "concerning the corporate structure of defendant and related entities, what entities employ what employees, where various entities have offices and employees, how employees work (remotely or in offices), what entities pay employees, whether entities share employees, and other related questions." (Doc. #11-1). Plaintiff contends that defendants' motion is premature and that requiring him to respond to defendants' motion without an opportunity for discovery would result in severe hardship and prejudice.

     Plaintiff's request for time to take discovery so that he can fully respond to defendants' motion is supported by his memorandum in opposition and his affidavit. Plaintiff has stated what facts are sought, how they are to be obtained, and how the facts are reasonably expected to raise a genuine issue of material fact. Further, it is indisputable that plaintiff has not had adequate time for discovery in this case. Defendants filed their motion for partial summary judgment only one week after the Notice of Removal was filed in this Court and only six weeks after this case had

been filed in state court. Plaintiff's request is reasonable under the circumstances and, in the interest of fairness, will be granted.

   **B.**  **Count V and Plaintiff's Request for Leave to Dismiss**

Defendants contend that plaintiff's claim for negligent infliction of emotional distress, a common law tort claim, fails as a matter of law for numerous reasons. In response, plaintiff requested leave to voluntarily dismiss Count V without prejudice (#11). Defendants do not oppose the dismissal of Count V without prejudice (#12). This Court will grant plaintiff's request and, therefore, defendants' motion for partial summary judgment as to Count V is moot.

Accordingly,

**IT IS HEREBY ORDERED** the plaintiff's request pursuant to Rule 56(d) for additional time to take discovery (#11) is **GRANTED** for the purpose of discovery on the issue of whether defendants employed six or more persons within the State of Missouri during the period of plaintiff's employment.

**IT IS FURTHER ORDERED** that the plaintiff shall have 90 days from the date of this order to submit any additional material pertinent to his opposition to the partial summary judgment motion, including a statement of material facts as to which plaintiff contends a genuine issue exists, in compliance with Local Rule 7-4.01(E), and defendants shall thereafter have 14 days to submit any additional material in reply.

**IT IS FURTHER ORDERED** that plaintiff's request for leave to voluntarily dismiss Count V of his complaint without prejudice is **GRANTED.**

**IT IS FINALLY ORDERED** that defendants' motion for partial summary judgment (#8) is **HELD IN ABEYANCE** in part and **DENIED** in part. As to Counts I and II, the motion is **HELD IN ABEYANCE** until such time plaintiff has filed his additional response to said

motion and all responsive pleadings have been filed, or until such time for submitting additional materials has passed, and the matter is ripe for disposition. As to Count V, the motion is **DENIED** as moot.

Dated this 18th day of October, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE