UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL DESIREY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:13CV445 SNLJ |
| HUAWEI DEVICE USA, INC. and JIANGAO CUI, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff filed a multi-count action alleging employment discrimination under state and federal law. This matter is before the Court on the defendants' motion for partial judgment on the pleadings (ECF #21) as to plaintiff's discrimination claim of reduction in compensation. The motion has been fully briefed and is ready for disposition. For the reasons set forth below, the Court will grant the motion.

**I. Background**

On May 8, 2012, plaintiff filed an Intake Questionnaire ("questionnaire") with the EEOC and MCHR alleging he was discharged on January 6, 2012, because of his age and national origin. In the space on the questionnaire for plaintiff to check the boxes indicating the alleged adverse employment actions about which he complains, he checked only the box for discharge. That same day, plaintiff filed a Charge of Discrimination ("charge") with the EEOC and MCHR alleging he was discharged because of his age and national origin. Like his questionnaire, the charge states that the

date of the adverse action was January 6, 2012 – the date of his discharge – and alleges only that he was discharged because of his age and national origin.

Plaintiff filed this cause of action alleging that his former employer, defendant Huawei Device USA, Inc., and the president of Huawei, defendant Jiangao Cui, discriminated against him based on his age and national origin. Plaintiff's claims, as set forth in his complaint, include: Counts I and II, violations of the Missouri Human Rights Act; Counts III and IV, violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act; and Count V, negligent infliction of emotional distress. During the pendency of this action, plaintiff's claims in Counts I, II, and V have been dismissed without prejudice. As a result, plaintiff's remaining claims are national origin discrimination in Count III and age discrimination in Count IV. In those claims, plaintiff alleges discrimination as the basis for the termination of his employment and reduction in his compensation. Defendants have filed a motion for partial judgment on the pleadings arguing they are entitled to judgment on the pleadings on plaintiff's reduced compensation claim because plaintiff failed to exhaust his administrative remedies as to that claim.

**II.    Legal Standard**

"Judgment on the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). In considering a Rule 12(c) motion, the Court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of

public record. *Id.* The Court accepts as true all facts plead by the nonmoving party and draws all reasonable inferences from the facts in favor of the nonmoving party. *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004).

## III. Discussion

In his complaint, plaintiff alleges he was discharged on January 6, 2012 and his compensation was reduced in 2010 and 2011 because of his age and national origin. Defendants seek a judgment on the pleadings with regard to plaintiff's claim that he was discriminated against by having his compensation reduced on the basis that plaintiff did not exhaust his administrative remedies with regard to that claim. Defendants contend plaintiff's charge does not allege he was discriminated against with respect to this compensation and it does not set forth any facts that could possibly be like or reasonably related to a claim over plaintiff's compensation.

In order to exhaust administrative remedies, an individual must timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e); *Brooks v. Midwest Heart Group*, 655 F.3d 796, 800 (8th Cir. 2011); *Williams v. Little Rock Municipal Water Works,* 21 F.3d 218, 222 (8th Cir. 1994). Exhaustion requires a claimant to give notice of all claims of discrimination in the administrative complaint, but administrative complaints are interpreted liberally. *Cobb v. Stringer,* 850 F.2d 356, 359 (8th Cir.1988). "A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." *Williams,* 21 F.3d at 222.

Further, "the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination." *Cobb*, 850 F.2d at 359. However, "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams*, 21 F.3d at 223.

Plaintiff only checked the "discharged" box on the questionnaire. In the narrative portion of the charge and questionnaire, the only claim he made was that his employment was terminated because of his national origin and age. For the date(s) of discrimination, he listed only January 6, 2012, which was the date his employment was terminated. These facts are not disputed by plaintiff. Instead, plaintiff argues that his reduced compensation claim is reasonably related to his claim of termination. This Court has held that a claim for termination is not like or reasonably related to claims for failure to promote, failure to train, demotion, or failure to increase pay. *Williams v. Lender Processing Services, Inc.*, 4:13CV1850 RWS, 2013 WL 5739059, at *2 (E.D. Mo. Oct. 22, 2013). Similarly, this Court finds that plaintiff's reduced compensation claim is not like or reasonably related to his claim of termination.

Additionally, plaintiff argues that his reduced compensation claim could reasonably be expected to grow out of the scope of the EEOC or MHRA investigation of the administrative charge. In support of his position, plaintiff cites to allegations in his complaint that he was discharged based on a pretext of poor performance. Plaintiff

hypothesizes that any reasonable investigator reviewing the poor performance defense would look into plaintiff's performance in prior years and discover the discriminatory conduct of the reduced compensation. This Court finds that allegations of pay discrimination cannot reasonably be expected to grow out of the investigation of the administrative charge based on termination. *See Anderson v. McIntosh Inn*, 295 F.Supp.2d 412, 423 (D. Del. 2003) ("allegations of pay discrimination cannot be expected to grow out of a charge of discrimination that was limited to wrongful termination").

## IV. Conclusion

In sum, the Court further finds that plaintiff failed to exhaust his administrative remedies with respect to the reduced compensation claim. Therefore, the claim has not been preserved and defendants are entitled to judgment on the pleadings on the reduced compensation claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Huawei Device USA, Inc. and Jiangao Cui's motion for partial judgment on the pleadings (ECF #21) as to plaintiff's discrimination claim of reduction in compensation is **GRANTED**.

Dated this 11th day of April, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE